**FILED**
**Feb 03, 2026**
**01:45 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT COOKEVILLE

| | | |
|---|---|---|
| **CHARLES GUFFEY,** | ) | **Docket No.: 2024-40-8572** |
|     **Employee,** | ) | |
| **v.** | ) | **State File No.: 860001-2025** |
| | ) | |
| **HAREN CONSTRUCTION,** | ) | **Judge Robert Durham** |
| **INC.,** | ) | |
|     **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **AMERISURE INS. CO.,** | ) | |
|     **Insurer.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

The Court held an Expedited Hearing on January 20, 2026, to determine whether Haren Construction owes Mr. Guffey additional temporary total and partial disability benefits and his entitlement to attorney's fees. The Court finds that Mr. Guffey is likely to prove at trial that he is entitled to additional temporary disability benefits but an award of attorney's fees is not warranted at this stage.

### Stipulations

Haren agreed for the purpose of this hearing as follows:

- Mr. Guffey suffered a compensable injury to his left arm on February 13, 2024.
- He is entitled to payment of his medical expenses related to his hospital stay and treatment from Dr. Craig Saunders and Dr. Todd Rubin.
- Haren shall pay Mr. Guffey temporary total disability benefits from February 19, 2024, through March 22, 2024, plus a 25% penalty under Tennessee Code Annotated section 50-6-205(b)(3)(A) in the amount of $5,830.93.

1

# History of Claim

Mr. Guffey worked as a foreman for Haren, operating heavy equipment and performing other manual tasks.  He suffered a puncture wound to his left forearm at work, and it became infected due partly to his uncontrolled diabetes.

Mr. Guffey went to the hospital on February 19, and Dr. Saunders performed emergency surgery to clean out the infection.  Mr. Guffey recovered, but at the hearing he produced a picture taken on March 15 (approximately one month after the appointment) that showed a significant open wound in his forearm.

Dr. Saunders last saw Mr. Guffey on March 22.  He noted that Mr. Guffey still had an open wound that required wet/dry dressing and antibiotics.  Mr. Guffey still had grip strength weakness but improved range of motion.  Dr. Saunders testified that Mr. Guffey told him that day that he wanted to return to work and he "did not have a reason for him not to return to work."  However, he recommended use of a protective splint and bandaging.

Dr. Saunders also testified that he speculated when he earlier agreed with a letter from Mr. Guffey's attorney stating that Mr. Guffey could not have returned to work until November 1, 2024.  He confirmed that he was unaware of Mr. Guffey's statement to a healthcare provider in June 2024 that his wound took three months instead of nine to fully heal.

During cross-examination, Dr. Saunders explained the return-to-work issue.  He recommended a "wrist cock-up splint" to "help support the wrist to prevent any kind of trauma, especially if he fell.  You know, God forbid that caused the wound to dehisce.  It would just pop open."

He warned Mr. Guffey about returning to work.  When specifically asked about Mr. Guffey working in construction while he still had an open wound, Dr. Saunders said he would not have wanted him to risk exposure, although a splint and a glove would have offered some protection.  Dr. Saunders ordered physical therapy because it would have assisted Mr. Guffey in regaining strength and range of motion.  He agreed that Mr. Guffey's current assertions of continued weakness and loss of motion were consistent with his injury.

Mr. Guffey also testified about his temporary disability after his injury.  He said that he attempted to return to work for Haren on March 25.  However, every task required use of his left arm.  He also had to keep his wound clean and avoid the dirt, grease, and oil common to a construction environment.

Mr. Guffey said that he had only been on the jobsite for a few hours when his supervisor terminated him and Haren denied his workers' compensation claim.  Mr. Guffey

did not immediately find other employment.

On June 26, he visited the local health department complaining of uncontrolled diabetes and a large ulcer. He told a nurse practitioner that he recently had a puncture wound in his arm that caused a "nasty infection" that took three months to fully heal. Mr. Guffey received treatment for his diabetes and ulcer and was released to return to work on November 1.

Mr. Guffey testified that he went to work for a tree service on November 1. The job paid $10.00 less per hour than Haren, so he made $400 less per week. Mr. Guffey worked there until February 3, 2025, when he got a job driving a truck making the same wages as with Haren.

More than a year from his injury and after several months of litigation, Haren accepted Mr. Guffey's claim and authorized orthopedist Todd Rubin to treat him. Dr. Rubin saw Mr. Guffey on September 26, 2025. Mr. Guffey complained of pain, weakness, and stiffness in his left hand and wrist. Examination revealed some atrophy and loss of strength as well as diminished sensation along the median nerve suggestive of entrapment. However, the record noted full range of motion.

Dr. Rubin diagnosed "likely" post-traumatic infection symptoms or progressive scar tissue over the median nerve. He prescribed occupational therapy for both the pain and loss of motion and released Mr. Guffy to return to work without restrictions.

In November 2025, counsel asked Dr. Rubin to answer a series of "medical questionnaires." In them, he said that Mr. Guffey has not reached maximum medical improvement. As for temporary total disability, Dr. Rubin listed February 19, 2024, through March 22, 2024, as the dates Mr. Guffey should have been "off work completely."

Mr. Guffey testified that he has worked with heavy equipment for most of his life. At the time of his termination, he did not believe he could do the job at Haren due to his inability to use his left hand. After he was fired, he did not immediately look for work because he did not think he could perform the essential functions of a heavy equipment operator. He could not make a fist with his left hand or even tie his shoes. He said the only reason he stayed out of work for as long as he did was due to his left hand.

Currently his range of motion and strength in his left hand are about half of his right. While he now makes the same wages as with Haren, he had to switch careers.

### Findings of Fact and Conclusions of Law

To obtain the requested temporary disability benefits, Mr. Guffey must show a likelihood of prevailing at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1)

3

(2025). He must prove: (1) a disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Const. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Where the disability is not total, the employee may recover temporary partial disability benefits if the employee is able to resume some gainful employment but has not reached maximum recovery. *Id.* In addition to lay testimony, Mr. Guffey must also have an expert medical opinion to establish the necessary elements.

The Court first considers temporary total disability benefits. Dr. Rubin is the authorized treating physician, whose opinion is entitled to a presumption of correctness. *Id.* § 50-6-102(12)(E). He said he believed Mr. Guffey was "off work completely" from February 19 through March 22, 2024. Dr. Saunders also released Mr. Guffey to return to work on March 22. Thus, the Court finds that Mr. Guffey is likely to prove entitlement to temporary total disability benefits from February 19 through March 22. Haren has already agreed to pay these benefits.

However, the Court must also decide whether Mr. Guffey is entitled to temporary partial disability benefits. On this issue, Dr. Saunders's testimony is significant.

While Dr. Saunders testified that he released Mr. Guffey to return to work on March 22, it was mostly due to Mr. Guffey's insistence. He was reluctant to do so, given that Mr. Guffey's wound was still open and subject to infection, particularly due to his uncontrolled diabetes. He was also afraid that any stress on the left arm could cause the wound to "God forbid" dehisce or "burst open." Thus, his deposition testimony is clear that Mr. Guffey needed to keep his left arm covered and not stressed until the wound closed.

Mr. Guffey's undisputed testimony was that Haren could not or would not accommodate those restrictions when it terminated him. Further, the evidence showed that it took three months for his wound to completely heal, which was corroborated by his statement to the health department in June. Given that his injury occurred on February 13, three months afterward would be May 13, 2024. Thus, the Court finds that Mr. Guffey is likely to prove entitlement to temporary total and partial disability benefits from February 13 through May 13, 2024. Because Haren failed to pay temporary benefits it owed Mr. Guffey, it awards him an additional 25% under section 50-6-205(b)(3)(A).

Mr. Guffey argued that he is entitled to additional total disability benefits until November 1 and temporary partial disability until February 3, 2025. However, while he testified that he could not have worked until November 1 due to strength and range-of-motion limitations, he did not submit any expert opinion to support his lay testimony.

Finally, Mr. Guffey also requested attorney's fees under Tennessee Code Annotated section 50-6-226(d)(1)(B) on the grounds that Haren unreasonably denied his request for benefits. The Workers' Compensation Appeals Board has encouraged consideration of

attorney's fees at the end of the claim.  *Andrews v. Yates Servs., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *7-8 (May 23, 2017).  This request is denied at this time.

IT IS, THEREFORE, ORDERED:

1. Haren Construction shall pay all medical expenses related to Mr. Guffey's hospital stay and treatment by Dr. Saunders. Haren shall pay for all reasonable and necessary medical treatment provided or recommended by Dr. Rubin for treatment of Mr. Guffey's work-related injury. Haren shall also pay any reasonable and necessary mileage expenses submitted by Mr. Guffey.

2. Haren shall pay $13,542.81 in temporary total disability benefits from February 13, 2024 through May 13, 2024. Under section 50-6-205(b)(3)(A), Haren shall pay an additional 25% of this award or $3,385.71. The total award is $16,928.52. If Haren has already paid $5,830.90, it is entitled to a credit and shall pay Mr. Guffey an additional $11,097.62. Mr. Guffey's counsel is entitled to $2,219.52 in attorney's fees from the additional amount.

3. This case is set for a Scheduling Hearing on **March 30, 2026, at 9:00 a.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

4. Unless an interlocutory appeal is filed, compliance must occur by **seven** business days of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED February 3, 2026.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

6

## APPENDIX

Exhibits:

1. Dr. Saunders's deposition.
2. Dr. Rubin's response to questionnaire about permanent impairment.
3. Picture of Mr. Guffey's arm dated February 28, 2024
4. Picture of Mr. Guffey's arm dated March 15, 2024
5. Overton County Health Department record
6. Additional Overton County Health Department records
7. Release to return to work form from Overton County Health Department
8. Responses to medical questionnaires from Dr. Rubin

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on February 3, 2026.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Allen Grant | | | X | agrant@hrslawga.com |
| Jeffrey Rufalo | | | X | jrufolo@summersfirm.com |

_____
**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

7



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*